**FILED**

**January 12, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0928** (Berkeley County CC-02-2020-F-46)

**Joseph G. Ray,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joseph G. Ray, by counsel Dylan Batten, appeals the October 15, 2020, order of the Circuit Court of Berkeley County accepting petitioner's conditional guilty plea to one count of failure to update the sex offender registry under West Virginia Code § 15-12-8(c) and sentencing him to a term of incarceration for a period of not less than one nor more than five years. Respondent State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Previously, petitioner was convicted of third-degree sexual assault. As a result of this conviction, the West Virginia Sex Offender Registration Act ("SORA"), West Virginia Code §§ 15-12-1 to -10, requires he register as a sex offender for life. Additionally, under the SORA, petitioner is required to re-register within three business days of his release from incarceration for any offense. W. Va. Code § 15-12-2(e)(1), in part ("Any person currently registered who is incarcerated for any offense shall re-register within three business days of his or her release."). "Any person required to register for life . . . who knowingly fails to register or knowingly fails to provide a change in any required information . . . is guilty of a felony . . . ." W. Va. Code § 15-12-8(c).

In July of 2019, a criminal complaint was filed against petitioner. The criminal complaint claimed that petitioner had violated West Virginia Code § 15-12-8(c) by failing to update the sex offender registry. The complaint contained the following narrative:

1

Corporal Eshbaugh spoke with [petitioner]'s parole officer, Calvin Lease[,] on August 27th, 2019. Mr. Lease indicated he had done a home visit that date, and learned from the resident at 1704 Williamsport Pike that [petitioner] had not lived at the residence since on or around July 18th, 2019, after he had been released from jail. Mr. Lease indicated he was able to observe the room that [petitioner] had stayed in, and that it was now a child's bedroom and contained no items of [petitioner].

Mr. Lease informed Cpl. Eshbaugh that he had [petitioner] incarcerated in July of 2019 for three days on a parole hold order, due to an observed violation.

[Petitioner] has failed to update the registry within three business days of release from incarceration and has failed to update his current address within 10 business days.

On February 19, 2020, petitioner was indicted on two counts of failure to update the sex offender registry under West Virginia Code § 15-12-8(c). Count One alleged that petitioner violated West Virginia Code § 15-12-8(c) by failing to update the registry after three days of incarceration. Count Two alleged that petitioner violated West Virginia Code § 15-12-8(c) by failing to update his current address.

Petitioner accepted a plea offer, agreeing to enter a conditional guilty plea to Count One in exchange for the dismissal of Count Two. By order entered on October 15, 2020, the circuit court accepted petitioner's guilty plea, acknowledging that the plea "is a 'conditional' plea, which permits the Defendant to appeal to the West Virginia Supreme Court of Appeals, challenging the constitutionality of W.Va. Code § 15-12-2(e)." The circuit court then sentenced petitioner to a term of incarceration for a period of not less than one nor more than five years.

Petitioner now appeals the circuit court's October 15, 2020, order. He argues that West Virginia Code § 15-12-2(e)(1), which requires a person currently registered as a sex offender to re-register within three business days of release from incarceration for any offense, "is unconstitutional in so far as said amendment is not reasonably related to the purpose of said statute and is not rationally related to a government purpose." In that the issue on appeal is clearly a question of law, we apply a de novo standard of review. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

In support of his argument, petitioner examines the history of West Virginia Code § 15-12-2(e)(1). He notes that, prior to 2012, the re-registration requirement was not included in the statute. Petitioner refers us to this Court's decision in *State v. Judge*, 228 W. Va. 787, 724 S.E.2d 758 (2012), wherein we said that, under the former version of the statute that did not include a re-registration requirement, an individual who was already registered as a sex offender was not required to re-register following a period of incarceration.[1] Petitioner correctly observes that,

---

[1] In *Judge*, we noted, "We fully recognize that the Legislature may decide to amend the [SORA] to require that a sex offender must undertake the registration process anew following each

following our decision in *Judge*, the Legislature amended West Virginia Code § 15-12-2(e)(1), adding the re-registration requirement. Petitioner contends that the amendment is "punitive in nature" and "was designed to simply create a new requirement that may reasonably lead to future incarceration or criminal charges." He argues that such a purpose is not rationally related to a legitimate government purpose.

Petitioner does not explicitly state which constitutional provision or provisions West Virginia Code § 15-12-2(e)(1) violates, although petitioner does assert, "Under the Fourteenth Amendment to the United States Constitution and Section 10, Article III, of the West Virginia Constitution this Court has applied the 'rational basis' test when analyzing statutes under due process challenges." Petitioner further asserts that "under the rational basis test, a law will be upheld so long as it is rationally related to a legitimate state interest." In support of this position, he cites to the following cases which involve application of the rational basis test: *Federal Communications Commission v. Beach Communications, Inc.*, 508 U.S. 307, 113 S. Ct. 2096 (1993); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 105 S. Ct. 3249 (1985); *O'Dell v. Town of Gauley Bridge*, 188 W. Va. 596, 425 S.E.2d 551 (1992); and *Gibson v. West Virginia Department of Highways*, 185 W. Va. 214, 406 S.E.2d 440 (1991). The common thread through each of these cases is the application of the rational basis test to a claim that an ordinance or statute violates the constitutional guarantee of equal protection enshrined in the due process clauses of the West Virginia Constitution and the United States Constitution.

"West Virginia's constitutional equal protection principle is a part of the Due Process Clause found in Article III, Section 10 of the West Virginia Constitution." Syl. Pt. 4, *Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989); *see also City of Cleburn*, 473 U.S. at 439, 105 S. Ct. at 3254 ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws[.]'"). "Equal protection of the law is implicated when a classification treats similarly situated persons in a disadvantageous manner." *Israel*, 182 W. Va. at 455, 388 S.E.2d at 481, Syl. Pt. 2, in part. When a law creates a classification that results in treating similarly situated persons differently, the constitutionality of the law is evaluated based on the type of classification at issue. *See Lewis v. Cannan Valley Resorts, Inc.*, 185 W. Va. 684, 691, 408 S.E.2d 634, 641 (1991) (stating that there are three types of equal protection analysis involving different levels of scrutiny). When the classification at issue is not a suspect or quasi-suspect classification, such as race or gender, the constitutionality of the law is evaluated using the rational basis test. *See id.* ("[A]ll other legislative classifications, including those which involve economic rights, are subjected to the least level of scrutiny[.]"). Under the rational basis test, "the legislative classification will be upheld if it is reasonably related to the achievement of a legitimate state purpose." *Id.* In this instance, petitioner has not described the classification he believes is at issue, but he contends that the rational basis test would apply to his claim.

In that petitioner relies primarily upon cases applying the rational basis test to claims involving equal protection, we must conclude that petitioner is claiming that West Virginia Code § 15-12-2(e)(1) violates the constitutional guarantee of equal protection as provided in Article III,

---

incarceration or confinement. Until such a change occurs, it will be necessary for the state police to amend their procedural rule[.]" 228 W. Va. at 792, 724 S.E.2d at 763.

Section 10 of the West Virginia Constitution and the Fourteenth Amendment of the United States Constitution. Thus, our first step in analyzing his claim is to determine what type of classification is created by the statute.

As respondent points out, petitioner has not identified a classification that distinguishes between similarly situated persons. Indeed, as noted by respondent, West Virginia Code § 15-12-2(e)(1) "very plainly states that *any* registrant who has been incarcerated for *any* offense must re-register upon his or her release from incarceration." Petitioner has failed to identify a classification distinguishing him from similarly situated persons, and we perceive no such classification in this instance. In that there is *no* classification involved, the rational basis test, as it is applied to equal protection claims, is not applicable in this instance, and petitioner cannot prevail on his equal protection claim. Thus, we cannot conclude that West Virginia Code § 15-12-2(e)(1) is unconstitutional on the ground that it violates the constitutional guarantee of equal protection. Accordingly, we find that the circuit court committed no error.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**

Justice William R. Wooton


Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.